| B 104 **COVER SHEET** (Rev.2/92) | **ADVERSARY PROCEEDING** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|---|
| **PLAINTIFFS** ARTURO I. LUGO LOPEZ TANIA E. RAMOS GUZMAN Urb. Encantada Riverwalk 121 Trujillo Alto, Puerto Rico 00976 | **DEFENDANTS** BANCO BILBAO VIZCAYA ARGENTARIA PUERTO RICO P.O. Box 364745 San Juan, Puerto Rico 00936-4745 | |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) LEGAL PARTNERS, PSC 138 WINSTON CHURCHILL AVE., SUITE 316 SAN JUAN, PUERTO RICO 00926-6023 Phone: 787.791.1818 Fax: 787.791.4260 | **ATTORNEYS** (If Known) | |

**PARTY** (Check one box only)  ☒ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☐ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Willful Violation of the Automatic Stay

**NATURE OF SUIT**
(Check the one most appropriate box only)

| | | |
|---|---|---|
| ☐ 454 To Recover Money or Property | ☐ 455 To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan | ☐ 456 To obtain a declaratory judgment relating to any of the foregoing causes of action |
| ☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | ☐ 426 To determine the dischargeability of a debt 11 U.S.C. § 523 | ☐ 459 To determine a claim or cause of action removed to a bankruptcy court |
| ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☒ 434 To obtain an injunction or other equitable relief | ☐ 499 Other (specify) |
| ☐ 424 To object or to revoke a discharge 11 U.S.C. § 727 | ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan | |

**ORIGIN OF PROCEEDINGS** (Check one box only.)  ☒ 1 original Proceeding  ☐ 2 Removed Proceeding  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another Bankruptcy Court

☐ CHECK IF THIS A CLASS ACTION UNDER F.R.C.P. 23

| **DEMAND** | NEAREST THOUSAND $ 30,000.00 | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR ARTURO I. LUGO LOPEZ TANIA E. RAMOS GUZMAN | BANKRUPTCY CASE NO. 09-01512-ESL | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING District of PUERTO RICO | DIVISIONAL OFFICE | NAME OF JUDGE HON. ENRIQUE S. LAMOUTTE INCLAN |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. 09- |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (Check one box only)  ☐ FEE ATTACHED  ☒ FEE NOT REQUIRED  ☐ FEE IS DEFERRED

| DATE July 22, 2010 | PRINT NAME LEGAL PARTNERS, PSC. | SIGNATURE OF ATTORNEY (OR PLAINTIFF) Luis F. del Valle Emmanuelli |
|---|---|---|

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: <br><br> ARTURO IVAN LUGO LOPEZ <br> TANIA ENEIDA RAMOS GUZMAN <br><br> DEBTORS <br><br><br> ARTURO IVAN LUGO LOPEZ <br> TANIA ENEIDA RAMOS GUZMAN <br><br> Plaintiffs <br><br> V. <br><br> BANCO BILBAO VIZCAYA ARGENTARIA PUERTO RICO, JOHN DOE, RICHARD ROE, A CORPORATION, B CORPORATION, C CORPORATION, X INSURANCE, Y INSURANCE, & Z INSURANCE <br><br> Defendant(s) | CASE NO. 09-01512-13 (ESL) <br><br> CHAPTER 13 <br><br><br><br><br> ADV.PROC.NO. 10- <br><br> WILLFUL VIOLATION OF THE AUTOMATIC STAY |

## COMPLAINT

TO THE HONORABLE COURT:

**COME NOW**, Arturo I. Lugo López and Tania E. Ramos Guzmán, plaintiffs herein, and through the undersigned attorney very respectfully present the following complaint.

### INTRODUCTION

1. This action seeks redress for the unlawful and deceptive practices committed by the defendant in connection with its efforts to collect from debtor a pre-petition debt while the automatic stay was in effect, in violation of 11 U.S.C. § 362 and the order confirming the amended plan (docket entry 41), allowing defendant to proceed *In Rem* as to debtors' collateral only as to a mortgage note it holds encumbering debtors' residence. The

defendant's conduct involves falsely representing that a pre-petition debt can be collected against debtors' personally while under the protection of the automatic stay and in violation of the order amending debtors' plan allowing them to proceed *In Rem*. This action is also filed to enforce the Order of Confirmation duly entered in this Chapter 13 case, the Automatic Stay Order duly entered in this case, and to enforce and to implement other Bankruptcy Code provisions and Rules related thereto, and to prevent an abuse of process and to preclude the frustration of the orderly administration of the claims in this case. The plaintiffs request monetary, punitive, declaratory and injunctive relief based on violations of 11 U.S.C. §362.

## JURISDICTION OF THIS COURT AND VENUE

2. Jurisdiction is invoked under 28 U.S.C. §157 (a) (b) (1) and § 1334. This Court has both personal and subject matter jurisdiction to hear this case pursuant to § 1334 of Title 28 of the United States Code, § 157(b)(2) of Title 28 of the United States Code, and pursuant to the Order entered by the Judges of the United States District Court for the District of Puerto Rico on July 19, 1984 (the Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

3. This Court has supplemental jurisdiction to hear all state law claims pursuant to § 1367 of Title 28 of the United States Code.

4. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding, then and in that event the plaintiff consents to the entry of a final order by the Bankruptcy Judge.

2

Venue lies in this District pursuant to 28 U.S.C. §1408 & §1409, inasmuch as all the events or omissions giving rise to the claims of the captioned case occurred within the territory of this jurisdictional district and also pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. The plaintiffs are citizens and residents of Puerto Rico.

6. The Defendant, Banco Bilbao Vizcaya Argentaria Puerto Rico ("BBVA-PR"), is, upon information and belief, a corporation or partnership organized under the laws of Puerto Rico, with a principal place of business in Torre BBVA, Muñoz Rivera 254, Esq. Chardón, San Juan, Puerto Rico 00919.

7. ABC INSURANCE CORPORATION is an insurance company duly authorized to do business in Puerto Rico which has issued an insurance policy in favor of one or more co-defendants to the instant action that covers the claims alleged in the instant complaint.

8. Co-defendants, JOHN DOE AND RICHARD ROE, are fictitious names for unknown persons that participated in acts against plaintiff in violation of the Automatic Stay Order (11 U.S.C. § 362), and are responsible for the damages and acts alleged in this complaint.

## FACTS

9. Plaintiffs are debtors in a Chapter 13 case under the Bankruptcy Code, filed on February 28, 2009.

10. At all times relevant to the above captioned bankruptcy, BBVA-PR was included as a creditor, listed in the master address list and in the list of creditors filed in this case.

3

11. BBVA-PR was duly notified and knew of the filing of the bankruptcy petition (docket entry 16).

12. The 341(a) meeting of creditors was held on or about April 17, 2009.

13. The Chapter 13 plan of the Plaintiff was subsequently confirmed by order of this Court entered on July 23, 2009 (docket entry 25).

14. On July 31, 2009, BBVA-PR moved for relief from stay under 11 U.S.C.A. § 362(d)(1) (docket entry 27). On August 13, 2009, debtors moved for a post-confirmation amendment of their plan wherein debtors consented to the lifting of the automatic stay in favor of BBVA-PR, among others, as to the collateral only, to allow the lien holder to proceed with *in rem* remedies only (docket entry 33, p. 5). In other words, debtors' agreed that BBVA-PR could proceed with an *In Rem* action against debtors' residence. Debtors' post-confirmation request for amendment of their plan was granted by order entered on October 5, 2009 (docket entry 41).

15. In addition, since the amendment to the plan was approved, BBVA-PR has continuously harassed plaintiffs with telephone calls seeking to reach a "deal" with respect to plaintiffs' debt.

16. Plaintiffs have tried to resolve these situations extra-judicially with BBVA-PR, to no avail.

17. Notwithstanding that BBVA-PR knew of the filing of the bankruptcy petition and having been expressly on notice that they are stayed by law from proceeding further with levying upon property of debtors' estate, other than against debtors' residence as expressly stated

4

by their amended plan, and that the pre-petition injunction forbids them from collecting any of the pre-petition debts, BBVA-PR has continued with subsequent collection efforts against the plaintiffs' estate.

18. In particular, on or about May 4, 2010, BBVA-PR deliberately and illegally obtained a judgment by default against plaintiffs in their personal capacities from the Fajardo Court of First Instance of Puerto Rico, sentencing plaintiffs, *inter alia*, to pay $265,366.31 in principal, annual interest of %6.750 as of November 1, 2008, $27,360.00 in attorneys' fees and costs, among others. This violates the terms and conditions of the amendment of the plan approved by this Court.

19. The actions of the defendant as alleged herein constitute willful, intentional, egregious, gross and flagrant violations of the provisions of § 362 of Title 11 of the United States Code.

20. The actions of the defendant as alleged herein are acts in violation and contempt of the Automatic Stay Order and the amended plan approved by this Court.

21. Upon information and belief, BBVA-PR has failed to implement any effective policy to assure that its collection personnel comply with either the automatic stay and/or any orders entered with debtors in bankruptcy.

22. On information and belief, BBVA-PR, by ignoring its obligations under the Bankruptcy Code and various Federal and State consumer protection statutes, has attempted to create for itself a virtual immunity from civil liability by unlawfully collecting millions of dollars while paying only thousands of dollars for the very few causes where its illegal

5

acts are subject to affirmative debtor enforcement cases. The defendant has essentially granted to itself a license to push the boundaries of responsible business practices beyond its furthest limits, fully aware that relatively few, if any, consumer debtors will be able to seek appropriate legal remedies. Plaintiffs therefore allege that these grossly negligent and intentional acts of misconduct violate fundamental notions of fairness.

23. Plaintiffs have been severely agitated, annoyed, traumatized, emotionally damaged and has otherwise been unduly inconvenienced by the actions of the defendant.

24. The actions perpetrated by BBVA-PR herein described constitute a violation of § 362(a) of the Bankruptcy Code, 11 U.S.C. §362(a).

25. Under § 362(a) of the Bankruptcy Code, 11 U.S.C. §362(a) the issuance of a Automatic Stay Order brings into being a broad injunction against the commencement or continuation of any action, the employment of process or any other act to collect, recover or offset, any pre-petition debt as a personal liability of the Plaintiff, or from property of the debtor. 11 U.S.C. §362(a).

## CLAIM
### WILLFUL VIOLATION OF THE AUTOMATIC STAY ORDER

26. Plaintiffs re-incorporate each and every preceding allegation as if fully set herein.

27. The actions perpetrated by BBVA-PR, its employees, agents, representatives and/or contractors, are a clear and willful violation to Bankruptcy Law and of the automatic stay, pursuant to 11 U.S.C. §362

6

28. In doing so, the defendant, BBVA-PR, has acted with knowledge that Plaintiffs had previously filed a bankruptcy petition and that such acts were and are a willful violation of the Automatic Stay Order and the terms of the amended plan approved by the Court.

29. The actions of defendant in this case, in seeking to collect from plaintiffs personally, in violation of the terms and conditions of amended confirmation plan are in violation of the automatic stay order entered in Plaintiffs' bankruptcy case pursuant to 11 U.S.C. § 362 and constitute contempt of bankruptcy court orders.

30. The conduct of the defendant in this case has substantially frustrated the Automatic Stay Order entered by this Court and has caused plaintiffs unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code, by Stipulation and by prior actions of the defendant.

31. Such actions were willful and egregious in violation of the Automatic Stay Order.

32. Upon information and believe, defendant had knowledge of the wrongs conspired as aforesaid, had the power to prevent them or the power to aid in preventing the commission of the same, neglected and refused to do so.

33. As a result of the defendant's, its employees', agents', representatives' and/or contractor's intentional, deliberate and unlawful conduct, plaintiffs are entitled to compensatory damages in the amount of $25,000.00, for suffering and mental anguish. Plaintiff Lugo has a blood pressure condition that has been exacerbated by the actions of BBVA-PR. Moreover, plaintiff has had to take time from his job as salesman to address this matter and obtain relief.

7

34. The defendant's intentional and deliberate actions are in reckless disregard of this Honorable Court's orders, namely the Automatic Stay Order, for which punitive damages in an amount of not less than $15,000.00 dollars should be awarded to plaintiffs.

35. The defendant's pattern and practice of ignoring bankruptcy automatic stay orders, negligently or intentionally, as part of its business model, warrants the imposition of punitive damages in an amount of not less than $15,000.00 dollars that should be awarded to plaintiffs.

36. The defendant's pattern and practice of continuing the collection process of pre-petition debts, as part of its business model to maximize recovery, payments and profits warrants the imposition of punitive damages in an amount of not less than $15,000.00 dollars that should be awarded to plaintiffs.

37. In order to carry out the provision of the Code and to maintain its integrity this Court must impose actual damages, punitive damages and legal fees against the defendant pursuant to the provisions of 11 U.S.C. §362(k(1)) and/or 11 U.S.C. §105 of the Code.

38. In order to protect all debtors who are under the protection of an automatic stay order Court must impose sanctions against the defendant for its misconduct in this case, and to discourage continue violations.

39. It has been necessary for the plaintiffs to retain Legal Partners, PSC, to prosecute the litigation based upon the Automatic Stay violations, and counsel has incurred and will incur costs and other related expenses in prosecuting this action.

40. As a result of the defendant's violation of 11 U.S.C. § 362, the defendants are liable to the plaintiffs for actual damages, punitive damages and legal fees under 11 U.S.C. §362(k(1)) and/or 11 U.S.C. §105 of the Code.

41. All defendants are jointly and severally liable to the plaintiffs.

42. As a result of the defendant's deliberate actions, the plaintiffs are entitled to costs and attorneys' fees.

**WHEREFORE,** the plaintiffs having set forth their claims for relief against the defendant respectfully pray of the Court as follows:

A. That the plaintiffs have and recover against the defendant a sum to be determined by the Court in the form of actual damages;

B. That the plaintiffs have and recover against the defendant a sum to be determined by the Court in the form of statutory damages;

C. That the plaintiffs have and recover against the defendant a sum to be determined by the Court in the form of punitive damages;

D. That the plaintiffs have and recover against the defendant all reasonable legal fees and expenses incurred by their attorney;

E. That the plaintiffs be awarded with such other and further relief as the Court may deem just and proper.

F. That BBVA-PR is held in contempt of court for willful violation of the automatic stay order.

G. An order to Cease And Desist From Violations Of The Automatic Stay Order

H. Any other relief that this Honorable Court may deem appropriate.

9

**RESPECTFULLY SUBMITTED.**

In Carolina, Puerto Rico this 22nd day of July, 2010.

S/Luis F. del Valle
LUIS F. DEL VALLE-EMMANUELLI
USDCPR 209514
138 Winston Churchill Ave.
Suite 316
San Juan, P.R. 00926-6023
Tel. 787.791.1818
Fax 787.791.4260

10